UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Valco Cincinnati, Inc.,** d/b/a Valco Melton | Case No. 15-cv-811 |
| **PLAINTIFF,** | Judge _____ |
| vs. | **COMPLAINT FOR:** |
| **MeltonUS, Inc..** **DEFENDANT.** | **TRADEMARK INFRINGEMENT, COUNTERFEITING, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING AND PASSING OFF** |
| | **JURY TRIAL DEMANDED** |

## COMPLAINT

For its Complaint against MeltonUS, Inc. ("MeltonUS" or "Defendant"), Plaintiff Valco Cincinnati, Inc. ("Valco") states as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement, counterfeiting, unfair competition, false designation of origin, false advertising and passing off. Valco brings this action because MeltonUS: (1) falsely holds itself out as an authorized reseller of Valco's MELTON-branded products; (2) has manufactured, sold, and distributed counterfeit parts as MELTON parts, and (3) has engaged in a fraudulent scheme whereby MeltonUS takes used and/or remanufactured MELTON equipment and falsely markets and sells it as new. Valco seeks to enjoin Defendant's acts, including further sale or distribution of the offending products, to

6486655.2

1

recover damages and Defendant's profits, and to secure other relief, including attorneys' fees and costs.

**THE PARTIES**

2. Plaintiff Valco Cincinnati, Inc., d/b/a Valco Melton, is an Ohio corporation having a principal place of business at 411 Circle Freeway, Cincinnati, Ohio, 45426. Valco is registered to do business in the state of Ohio under the name Valco Melton.

3. Upon information and belief, Defendant MeltonUS, Inc. is a Georgia corporation having a principal place of business at 745 W. Winder Industrial Parkway, Winder, Georgia, 30680.

**JURISDICTION AND VENUE**

4. This action arises under the federal Lanham Act, 15 U.S.C. §§ 1051, et seq., the Ohio Deceptive Trade Practices Act, O.R.C. §§ 4165.01 et seq., and under the related law of the State of Ohio.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b) because of Valco's federal Lanham Act claims. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Valco's state law claims which are substantially related to Valco's federal Lanham Act claims. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Valco and MeltonUS are citizens of different states, namely, Ohio and Georgia, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant MeltonUS and venue is appropriate in this Court. Defendant entered into a distributorship agreement with Valco in Cincinnati, Ohio, purposefully availing itself of a business relationship with Valco in Ohio.

Indeed, one or more employees from Defendant travelled to Cincinnati, Ohio for training by Valco, and the contract initially governing the parties' relationship originated in Cincinnati, Ohio. Moreover, Defendant sources and used parts that originate from Valco in Cincinnati, Ohio, for use in its infringing scheme, as described below. Defendant actively counterfeits an Ohio company's labeling and products. In addition, Defendant advertises under the infringing and misleading marks at issue, and offers to sell and/or sells infringing products nationwide, including to Ohio, through its interactive website. The harm from Defendant's scheme and infringement also results primarily in Ohio, through damage to Valco, in Cincinnati, as a result of the infringement and deception described below. Accordingly, Defendant is subject to personal jurisdiction in Ohio, and venue is proper in the Western Division of the Southern District of Ohio pursuant to 28 U.S.C. §§ 1391(b) and (c).

## GENERAL ALLEGATIONS

7. Established in 1952, Valco is one of the world's leading suppliers of adhesive application and quality assurance equipment. Valco specializes in the manufacturing, packaging, and sealing of items such as corrugated boxes, cartons, books, bags, and pharmaceutical products. Valco conducts business in the fields of corrugation, packaging, envelope, folding carton, print finishing, nonwovens, tissue/corewinding, wood, automotive parts, product assembly, textile, coating, laminating, and bag manufacturing. Valco's world headquarters is located in Cincinnati, Ohio, and the company has direct sales, and research & manufacturing facilities throughout North America, Europe, China, and India. Valco boasts a network of distributors in approximately 76 countries around the world.

8. In June of 2006, Valco acquired 100% of Melton S.L., a Spanish company, in a share purchase agreement. Included in the transaction were all of the rights in and to the

intellectual property owned by Melton S.L, including without limitation the MELTON trademark.

9. As a result of the above-referenced share purchase and subsequent actions, Valco became the owner of the following trademarks, among others, registered in the United States and elsewhere. Status printouts of Valco's U.S. registrations are incorporated herein as Exhibit A.

| Mark | Goods | Country / Details |
|---|---|---|
| MELTON | Electric adhesive applying machines; electric glue application machines; electric glue guns | United States<br>Reg.No.: 3116427<br>Reg.Date: July 18, 2006 |
| MELTON | Adhesive applicator machines; dosing machines; machines and machine tools.<br>Recorded computer programs; computer programs, recorded; recorded operating system programs (for computers); software; equipment for data processing and computers; printers for computers; computer memories.<br>Transport, storage and distribution of machines, adhesive applicator machines, metering machines. | European Community<br>Reg.No.: 3088697<br>Reg.Date.: May 24, 2004 |
| MELTON | Applied adhesive machines; machines and machine tools; engines (other than for land vehicles); transmission couplings and belts (other than for land vehicles); agricultural implements (non-manual); incubators for eggs. | WIPO (designated to BX, DE, FR, IT, PT, RU, UA )<br>Reg.No.: 664176<br>Reg.Date: June 18, 1996 |
| MELTON | Applied adhesive machines; machines and machine tools; engines (other than for land vehicles); transmission couplings and belts (other than for land vehicles); agricultural implements (non-manual); incubators for eggs. | Spain<br>Reg.No.: 1588856<br>Reg.Date: April 6, 1992 |

| Mark | Goods | Country / Details |
|---|---|---|
| VALCO MELTON | (various, including) pressurized glue applying equipment, namely, machines for applying glue consisting of pressurized tanks, pumps, power-operated valves, regulators, nozzles, hydraulic and pneumatic plumbing tubing and fittings and brackets; pressurized glue applying equipment, namely, positionable mounting brackets for machines for applying glue; pressurized glue applying equipment, namely, web handling frames with rollers, web tensioners, web alignment sensors and actuators specially designed for machines for applying glue… | United States<br>Reg.No.: 3875921<br>Reg.Date: November 16, 2010 |

10. Since at least as early as September of 1997, Valco and its predecessors in interest have used the MELTON mark in the United States in connection with electric adhesive applying machines; electric glue application machines; electric glue guns; and replacement parts and accessories therefor.

11. The MELTON brand of adhesive application machinery has enjoyed tremendous success in the market, with annual sales of such products, including replacement parts, having exceeded $32 million annually over the last 5 years worldwide, and $7 million in the United States. In addition, Valco invests more than half a million dollars annually in advertising goods and services bearing the MELTON brand in the United States.

12. Upon information and belief, Defendant MeltonUS is a manufacturer, distributor, and servicer of adhesive application machinery and parts and accessories therefor. MeltonUS had a predecessor called Melton SE.

13. Valco and Melton SE entered into a Distributor Agreement dated January 5, 2007 (the "Agreement"). The Agreement granted to Melton SE (and MeltonUS after it) exclusive distribution rights with respect to various MELTON-branded products in Georgia, Alabama, Florida, Louisiana, South Carolina, Tennessee, and Mississippi. The Agreement also permitted MeltonUS to hold itself out as an "authorized distributor" of MELTON-branded products and allowed MeltonUS to offer authorized after-sale service and repair of MELTON-branded products. The Agreement prohibited MeltonUS from selling products competitive to those it was authorized to distribute on behalf of Valco.

14. The Agreement granted to MeltonUS a limited right to use Valco's trademarks, including the MELTON trademark, in connection with its duties under the Agreement. However, pursuant to the terms of the Agreement, MeltonUS confirmed that it "shall have no rights in respect of any trade names or Trademarks used by Manufacture[r] in relation to Products or of the goodwill associated therewith, and [MeltonUS] hereby acknowledges that it shall not acquire any rights in respect thereof by virtue of this Agreement and that all such rights and goodwill are, and shall remain, vested in [Valco]." Upon termination of the Agreement MeltonUS was required to discontinue all use of Valco's trademarks or similar trademarks, either alone or in combination with other letters, words, designs, or MeltonUS's trade name.

15. On January 12, 2012, Valco terminated the Agreement in accordance with its terms. Valco demanded that MeltonUS cease using Valco's trademarks, including the MELTON mark.

16. Upon information and belief, MeltonUS failed to cease using Valco's trademarks and continued to hold itself out as an "authorized distributor" of MELTON-branded products.

17. Thereafter, MeltonUS began using the brand MELTONUS shown below both on its website, located at *<meltonus.com>*, and in connection with the manufacture, distribution, and sale, as well as repair and servicing, of MELTON-branded products as well as third-party, competitive products.



18. Upon information and belief, the MELTONUS logo shown above (the "Infringing Logo") is intended to falsely convey to consumers and potential consumers that MeltonUS is the genuine "MELTON within the U.S.," an is "authorized distributor of MELTON products in the U.S.," or that MeltonUS has some affiliation with Valco and its MELTON products in the territory of the United States. None of the foregoing is true.

19. In addition, MeltonUS displays Valco's VALCO MELTON & design mark on its website in connection with the offering of purportedly genuine products in a manner calculated to falsely convey to customers and potential customers that MeltonUS is an authorized distributor of Valco's products, which it is not. A screen capture of such use is attached as Exhibit B.

20. In addition, MeltonUS displays photographs of Valco's genuine equipment on its website in a manner calculated to falsely convey to consumers and potential consumers that MeltonUS is an authorized distributor of MELTON products, which it is not. A screen capture of an example of such use is attached as Exhibit C.

21. In addition, Melton maintains on its website copies of Valco's sales literature for genuine MELTON products in a manner calculated to falsely convey to consumers and potential

consumers that MeltonUS is an authorized distributor of MELTON products, which it is not. This sales literature includes a legend at the top right of the first page of each which displays the registered MELTON logo, includes the statement, "Hot Melt Applications by Valco Cincinnati, Inc.," and includes in the footer the copyright notice for Valco Cincinnati, Inc." An example of one these pieces of sales literature can be viewed at the link below, and a copy is attached as Exhibit D:

http://adhesive-equipment.meltonus.com/Asset/nc_series_all.pdf

22. In addition, MeltonUS displays a photograph of Valco's trade show booth on the homepage of its website. This photo previously was unaltered and displayed the registered MELTON logo in a manner calculated to falsely convey to consumers and potential consumers that MeltonUS is an authorized distributor of MELTON products, which it is not. However, upon information and belief, MeltonUS recently altered the photo with digital editing equipment to remove the MELTON logo and replace it with the Infringing Logo. Before and after images of this portion of MeltonUS' homepage are shown below.

[Image of MeltonUS homepage showing a trade show booth with the MELTON logo, text fragments: ", Polyurethane or Polyamide Application Need", "on®,", "offer", "Clients", "orked on", "for the", "this", "s today.", "e a", and "Sell Us Your Used Equipment, Working or Not"]



23. In addition, Valco recently became aware that MeltonUS has engaged in the practice of selling refurbished or remanufactured MELTON equipment as new equipment. In some cases, these machines have been altered to carry the Infringing Logo. An example of this practice is shown below.



6486655.2

24. In addition, Valco recently became aware that, upon information and belief, MeltonUS is selling non-genuine, "will-fit" parts for MELTON products bearing both the MELTON word mark owned by Valco and the older version of the MELTON logo (the version currently registered in Europe). Upon information and belief, these counterfeit packaging labels have been created by copying images of the MELTON logo from the internet and printing them on label paper. Examples of this conduct are shown below.





25. In addition, Valco recently became aware that, upon information and belief, MeltonUS is selling non-genuine, "will-fit" hoses for MELTON products bearing what appear to be genuine labels removed from used MELTON hoses. An example of this conduct is shown below.



26. On October 14, 2015, counsel for Valco sent a letter to MeltonUS demanding that it cease and desist all further use of Valco's trademarks, cease the practice of passing off used and/or refurbished MELTON-branded machinery as new, cease the practice of counterfeiting MELTON parts, and discontinue its use of the misleading MELTONUS brand in connection with its business.

6486655.2

11

27. On November 2, 2015 and November 23, 2015, MeltonUS responded, first through its principal, Tony Laniewicz, and then through counsel, denying Valco's allegations.

28. MeltonUS' use of its MELTONUS logo is likely to cause confusion, mistake, and deception as to the source or origin of MeltonUS' goods on the one hand, and Valco's goods on the other, and is likely to falsely suggest a sponsorship, connection, affiliation, or association between MeltonUS and/or its goods on the one hand and Valco on the other, thereby injuring Valco and the public.

29. MeltonUS's use of a counterfeit MELTON logo on products which are not genuine but are, instead, third party "will-fit" parts is likely to cause confusion, mistake, and deception as to the source or origin of MeltonUS's goods on the one hand, and Valco's goods on the other, thereby injuring Valco and the public.

30. MeltonUS' use of Valco's registered MELTON logo on products which are not genuine but are, instead, third party "will-fit" parts misrepresents the source of MeltonUS' products with the intent to take advantage of and misappropriate the goodwill Valco has built up in its MELTON mark, thereby injuring Valco and the public.

31. MeltonUS' use of Valco's registered MELTON logo on products which it represents are new but which are, in fact, refurbished, reconditioned, or remanufactured, misrepresents the nature, characteristics, and qualities of the genuine MELTON products it sells, thereby injuring Valco and the public.

32. Upon information and belief, Defendant has generated substantial revenue from the manufacture, distribution, and sale of counterfeit products and mis-identified products, and from its misrepresentation as to its status as an authorized distributor of Valco's products.

33. Defendant's activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm both to Valco and to consumers, who have an interest in being free from confusion, mistake, and deception.

34. Defendant's activities described above have, at all times, been engaged in willfully and with full knowledge of Valco's rights.

35. Valco has suffered actual damages in an amount in excess of $75,000 to be proved at trial.

36. Valco has no adequate remedy at law.

## COUNT ONE

### Federal Trademark Infringement
### under Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a)

37. Valco repeats and realleges each and every allegation set forth in Paragraphs 1 through 36 of this Complaint.

38. Defendant's use of the MELTONUS mark in connection with the manufacture, distribution, offering for sale, and sale of non-genuine products is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

39. Upon information and belief, Defendant acted consciously and in willful disregard of Valco's rights, and the resulting damage to Valco is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT TWO

**Counterfeiting
under Section 32(1)(b) of the Lanham Act, 15 U.S.C. § 1114(1)(b)**

40. Valco repeats and realleges each and every allegation set forth in Paragraphs 1 through 39 of this Complaint.

41. Defendant's use of reproductions and/or counterfeits of Valco's MELTON mark in connection with the manufacture, distribution, offering for sale, and sale of non-genuine products is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1)(b) of the Lanham Act, 15 U.S.C. § 1114(1)(b).

42. Upon information and belief, Defendant acted consciously and in willful disregard of Valco's rights, and the resulting damage to Valco is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT THREE

**False Designation of Origin,
Passing Off, and Unfair Competition
under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

43. Valco repeats and realleges each and every allegation set forth in Paragraphs 1 through 42 of this Complaint.

44. Defendant' use in commerce of its MELTONUS mark, and its use in commerce of Valco's MELTON mark and its VALCO MELTON logo, in connection with the manufacture, distribution, offering for sale, and sale of genuine MELTON products, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Valco, or as to the origin, sponsorship, or approval of Defendant, its products,

and their commercial activities, by or with Valco, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A).

45. Valco enjoys substantial goodwill in its MELTON mark, and Defendant's use of the MELTON mark on non-genuine products is calculated to misappropriate and otherwise damage that goodwill, such actions being likely to damage such goodwill.

## COUNT FOUR

### False Advertising
### under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)

46. Valco repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 of this Complaint.

47. In connection with the offering of infringing goods and services, Defendant has have made false and misleading descriptions and misrepresentations of fact in commerce, namely, that its goods are new and genuine when, in fact, they are used, refurbished, reconditioned, and/or "will-fit," in commercial advertising and promotion which misrepresent the nature, characteristics, and qualities of Defendants' goods.

## COUNT FIVE

### Violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.01 et seq.

48. Valco repeats and realleges each and every allegation set forth in Paragraphs 1 through 47 of this Complaint.

49. Defendant's use of the MELTONUS mark, and its use of Valco's MELTON mark, in connection with the manufacture, distribution, offering for sale, and sale of genuine but misrepresented MELTON products and parts in the first instance, and non-genuine or "will-fit" parts in the second instance, is likely to cause confusion or misunderstanding as to the source,

sponsorship, or approval of its goods, is likely to cause confusion or misunderstanding as to the affiliation, connection, or association with Valco, and constitutes a representation that Defendant's goods have sponsorship, approval, or characteristics which they do not have, all in violation of O.R.C. § 4165.01 et seq.

## COUNT SIX

### Common Law Trademark Infringement and Unfair Competition

50. Valco repeats and realleges each and every allegation set forth in Paragraphs 1 through 49 of this Complaint.

51. Defendant's activities described above constitute common law trademark infringement and misappropriation of the goodwill associated with Valco's MELTON mark and constitute unfair competition in violation of Ohio common law.

## REQUST FOR RELIEF

Wherefore, Valco respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award it relief including, but not limited to, the following:

a. An Order holding that Defendant's actions described above infringe Valco's MELTON & design and VALCO MELTON & design trademarks, and that Defendant's actions constitute trademark infringement in violated of federal and common law;

b. An order holding that Defendant's actions described above constitute false designation of origin, passing off, and unfair competition in violation of federal, state, and common law;

c. An Order holding that Defendant's actions described above constitute counterfeiting of Valco's MELTON & design trademark in violation of federal law;

d. An Order holding that Defendant has misrepresented remanufactured, reconditioned, or refurbished goods as new in violation of federal law and public policy;

e. An Order preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

    1) From using the MELTONUS trademark or any other trademarks, trade names, logos, and other names or identifiers that are the same as or confusingly similar to the MELTON trademark, in any manner or form, in connection with any goods or services;

    2) From using the MELTON & design trademark or any other trademarks, trade names, logos, and other names or identifiers that are the same as or confusingly similar to the MELTON and/or MELTON & design trademarks, in any manner or form, in connection with any goods or services;

    3) From representing or suggesting, by any means whatsoever, directly or indirectly, that Defendant, any goods or services offered by Defendant, or any activities undertaken by Defendant, are sponsored, authorized, or approved by, or are associated, affiliated, or connected with Valco in any way.

f. An Order requiring Defendant to recall and deliver up for destruction all genuine goods bearing a MELTONUS designation in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives;

g. An Order requiring Defendant to recall and deliver up for destruction all will-fit and/or third party goods bearing a MELTON & design and/or MELTON mark, or any mark confusingly similar thereto, as well as any labels or packaging bearing a MELTON & design and/or MELTON mark, in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives;

h. An Order requiring the impounding of all plates, molds, matrices, masters, tapes, film negatives, digital files, drawings, printers, copiers, or other articles by means of which copies of the MELTON & design and/or MELTON mark, or any mark confusingly similar thereto, may be reproduced;

i. An Order requiring Defendant to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, packaging, letterhead, plaques, and any other materials containing the MELTON & design and/or MELTON mark, or any mark confusingly similar thereto, and/or false claims in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives;

j. An Order directing Defendant to file with this Court and serve on Valco's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions;

k. An Order requiring Defendants to account for and pay to Valco any and all profits arising from or related to Defendant's unlawful acts and that such profits be increased in accordance with 15 U.S.C § 1117(a) and other applicable laws;

l.   An Order requiring Defendant to pay Valco the full amount of damages caused by Defendant's unlawful acts, and that such damages be trebled in accordance with 15 U.S.C. § 1117(a) and other applicable laws;

m.   An Order requiring Defendant to pay Valco its costs and attorneys' fees in this action pursuant to 15 U.S.C § 1117(a), O.R.C. § 4165.03(B), and other applicable laws; and

n.   Any other relief as the Court may deem appropriate.

## JURY DEMAND

Valco Cincinnati, Inc. hereby demands a jury trial on all of its claims.


Dated: December 22, 2015

                Respectfully submitted,

                /s/ *Thomas F.Hankinson*
                Thomas F. Hankinson (0088367)
                J. Michael Hurst (0070828)
                KEATING MUETHING & KLEKAMP PLL
                One East Fourth Street, Suite 1400
                Cincinnati, Ohio 45202
                Tel: (513) 579-6400
                Fax: (513) 579-6457
                thankinson@kmklaw.com
                mhurst@kmklaw.com

                *Attorneys for Valco Cincinnati, Inc.*